**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

CHRISTOPHER HELMUT KULIK,

    Debtor.

_____/

ROBIN LAWLER,

    Plaintiff,

vs.

CHRISTOPHER HELMUT KULIK,

    Defendant.

_____/

Case No. 6:05-bk-03034-ABB
Chapter 7

**F I L E D**

MAY 1 0 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

Adv. Pro. No. 6:05-ap-00173-ABB

**MEMORANDUM OPINION AND ORDER**

    This matter came before the Court on the Motion for Summary Judgment and Memorandum of Law in Support Thereof[1] and the Motion for Determination of Effectiveness of Service of Process and of Collateral Estoppel Effect of Virginia State Court Judgment[2] filed by Robin Lawler, the Plaintiff herein (the "Plaintiff"), against Christopher Helmut Kulik, the Defendant and Debtor herein (the "Debtor"). The Plaintiff seeks summary judgment on Count I of her Complaint[3] to have a debt deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(6). An evidentiary hearing was held on February 28, 2006. The Plaintiff, the Debtor, and their respective counsel appeared at the hearing. The Court makes the following Findings of Fact and Conclusions of Law after

---

[1] Doc. No. 5.
[2] Doc. No. 36.
[3] Doc. No. 1.

reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Plaintiff instituted litigation against the Debtor in the Circuit Court of Loudoun County, Virginia ("State Court") captioned <u>Robin M. Lawler v. Christopher Helmut Kulik</u>, At Law No. CL00032740-00, through the filing of a Motion for Judgment. The suit stems from the Debtor's termination of the Plaintiff's employment with his company in Virginia. The Plaintiff filled out and executed an Affidavit for Service of Process on the Secretary of the Commonwealth stating the Debtor is a non-resident of the Commonwealth of Virginia and his last known address is 206 E. Shawnee Street, Paola, Kansas 66071.[4] The Motion for Judgment and Notice of Motion for Judgment were served on the Plaintiff via certified mail, return receipt requested, at the address of 206 E. Shawnee Street, Paola, Kansas 66071 through the Secretary of the Commonwealth, as the statutory agent for service of process, on November 12, 2004.[5] The Plaintiff has been unable to produce the green return receipt card evidencing whether the mailing made by the Secretary of the Commonwealth was received by the Debtor or by anyone else, or rejected.

The Plaintiff instituted a federal suit against American Building Contractors, Inc., her employer prior to being hired by the Debtor, in the United States District Court for the Eastern District of Virginia, Alexandria Division ("Federal Court"), captioned <u>Robin M. Lawler v. American Building Contractors, Inc.</u>, Civil Action No. 03-1514. The Debtor was named as a material witness in the Federal litigation. The Plaintiff

---

[4] Plaintiff's Exh. No. 5.
[5] *Id.*

introduced Exhibit Nos. 1 through 4 in this adversary proceeding pertaining to attempts
made by process servers (Lori Nalls and John Blankenship) to serve process on the
Debtor in the Federal Court litigation. The Debtor objected to the admission of Exhibit
Nos. 1 through 4 on the grounds of relevancy and authenticity. The Court sustained such
objections. The Plaintiff requests reconsideration of the Court's ruling. No basis exists
for reconsideration of the Court's evidentiary ruling.

The Debtor called the State Court on the morning of January 7, 2005, the same
day the State Court held a hearing on the Plaintiff's Motion for Default Judgment and
issued judgment in favor of the Plaintiff.[6] He alleges the purpose of his call was to
inquire about any pending cases because he was attempting to obtain a realtor license.
The State Court mailed a copy of the Default Order to the Debtor at 206 E. Shawnee
Street, Paola, Kansas 66071. The mailing was returned to the State Court with the
handwritten statement, "Do not know this person. Return to sender."

The State Court held a damages hearing, without a jury, on February 11, 2005.
Only the Plaintiff appeared, *pro se*, at the hearing. She presented documentary evidence
and testimony in support of her allegations of physical and mental injuries caused by the
Debtor. The State Court entered an Order on February 11, 2005 ("Judgment Order")
awarding monetary damages to the Plaintiff and against the Debtor.[7] The one-page
Judgment Order provides:

---

[6] The Virginia state court issued an Order on January 7, 2005 ("Default Order") awarding judgment by default to the Plaintiff and against the Debtor.[6] The Default Order provides: " . . . it appearing to the Court that more than twenty-one (21) days have elapsed since service of process upon the defendant and that no responsive pleadings have been filed by defendant herein, nor has any appearance been made in this action on his behalf* . . . ." The Default Order contains an insertion written by Judge McCahill stating, "*Defendant phoned the Circuit Court on 1/7/05 stating he did not receive papers advising him of he lawsuit against him. He did not leave a phone number or address . . ."
[7] Plaintiff's Exh. No. 8.

This case came to be heard on February 11, 2005 upon the Court's January 7, 2005 order of judgment in favor of the Plaintiff, Robin Lawler, upon the [P]laintiff's notice, sent according to law, of the February 11, 2005 hearing at which hearing the Plaintiff would move the Court for an award of damages* upon the evidence heard <u>ore tenus</u> and the exhibits offered by the Plaintiff, and was argued by the Plaintiff, *pro se.*

UPON CONSIDERATION WHEREOF, the Court does award the Plaintiff Robin Lawler judgment against the Defendant Christopher Kulik in the amount of $900.000 for actual damages and in the amount of $350.000 for punitive damages, together with her costs expended herein."

The Judgment Order contains a handwritten statement inserted by Judge James H. Chamblin in the lower left hand corner providing: "* for intentional infliction of emotional distress." The Debtor did not appeal or challenge the Judgment Order in the Virginia courts. The Judgment Order is a final, non-appealable order. The Judgment Order does not contain any findings establishing the Debtor was properly served as a non-resident by constructive service through the Secretary of the Commonwealth and the State Court had jurisdiction over the Debtor.

The Debtor filed an individual Chapter 7 case on March 27, 2005 ("Petition Date"). He lists the Plaintiff as an unsecured creditor with an unliquidated claim in an "unknown" amount in his original Schedule F.[8] He lists "none" in response to Question 16 relating to lawsuits in his Statement of Financial Affairs. The Debtor's petition sets forth an address of 13201 Heather Moss Drive, Apt. 1510, Orlando, Florida 32837 as his residence. The Debtor lived in the Northern Virginia area until approximately 2004. He lived in various places after leaving Virginia, including the Heather Moss Drive address, 402 Herlong Court, Brandon, Florida 33511, and New Jersey. The Debtor was unable to provide at trial specific dates as to when he lived at each location, length of residency, and whether his wife and three children were living with him. He testified his wife, who

---

[8] Main Case Doc. No. 1.

has been estranged from him at times, is from Kansas and he helped her move back there during a period of estrangement, but he has never lived in Kansas.

The Plaintiff contends the Judgment Order debt is non-dischargeable. She contends the finding of intentional infliction of emotional distress by the State Court establishes the nondischargeability of the debt and the collateral estoppel doctrine precludes relitigation of the issues determined by the Judgment Order. The Plaintiff seeks summary judgment on Count I of her Complaint. The Debtor contends collateral estoppel does not apply because he was not properly served with process in the State Court litigation and did not have a full and fair opportunity to participate in the litigation. He contends the Judgment Order was procured by fraud.

The issues involved in the State Court proceeding are not identical to the issues at stake in this adversary proceeding. The factual issues sought to be litigated in this proceeding were not actually litigated in the State Court action. The Judgment Order does not make specific findings of willful and malicious acts committed by the Debtor against the Plaintiff. The Judgment Order does not set forth a basis for deeming the debt to be nondischargeable. Genuine issues exist whether the Judgment Order is a valid final judgment. There are genuine issues as to material facts and the Plaintiff is not entitled to judgment as a matter of law. Summary judgment is inappropriate.

## CONCLUSIONS OF LAW

The Plaintiff challenges the dischargeability of the Judgment debt pursuant to 11 U.S.C. § 523(a)(6) based upon the Judgment Order's finding of intentional infliction of emotional distress committed by the Debtor. The Plaintiff seeks summary judgment on Count I of her Complaint. Granting summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett. 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

After a movant makes a properly supported summary judgment motion, the non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami. 52 F.3d 918, 921 (11th Cir. 1995).

The Plaintiff contends the Judgment Order establishes the requisite fraud elements for nondischargeability pursuant to § 523(a)(6) and the collateral estoppel doctrine precludes relitigation of the issues determined by the State Court. Congress requires federal courts to give preclusive effect to state court judgments whenever the courts of the state rendering the judgments would do so. See 28 U.S.C. § 1738; Allen v. McCurry, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Collateral estoppel precludes relitigation of issues tried and decided in prior judicial or administrative hearings where

6

each party had a full and fair opportunity to litigate the issues decided. In re St. Laurent,
991 F.2d 672, 675 (11th Cir. 1993).    Collateral estoppel principles apply to
dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285 n. 11, 111 S. Ct. 654,
112 L. Ed. 2d 755 (1991).  The collateral estoppel law of the state that issued the prior
judgment must be applied to determine whether the judgment has preclusive effect. Id.

Virginia collateral estoppel law is the applicable law since the Judgment Order
was issued by a Virginia state court. Capital Hauling, Inc. v. Forbes, 75 F. App'x 170,
171 (4th Cir. 2003); Hagan v. McNallen (In re McNallen), 62 F.3d 619, 624 (4th Cir.
1995). A default judgment can create collateral estoppel pursuant to Virginia law if all
the requirements of the doctrine are met.  Capital Hauling, 75 F. App'x At 171.  A
judgment shall have preclusive effect if the following elements are established by the
party asserting collateral estoppel: (1) the parties to the two proceedings, or their privies,
were the same; (2) the factual issues sought to be litigated actually were litigated in the
prior action and were essential to the prior judgment; and (3) the prior action resulted in a
valid final judgment against the party sought to be precluded in the present action. In re
Rutledge, 105 F. App'x 455, 457 (4th Cir. 2004); Transdulles Center, Inc. v. Sharma, 472
S.E.2d 274, 275 (Va. 1996).

The Plaintiff has established the first element.  The parties to this adversary
proceeding are the same parties in the State Court litigation.  The Plaintiff has not
established the second element.  The Judgment Order is based upon a finding of
intentional infliction of emotional distress committed by the Debtor against the Plaintiff.
The Plaintiff seeks to have the Judgment Order debt deemed nondischargeable pursuant

7

to § 523(a)(6), contending the finding of intentional infliction of emotional distress establishes the nondischargeability elements of § 523(a)(6).

Section 523(a)(6) provides a discharge pursuant to § 727 does not discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2005). The exception of a debt from discharge pursuant to § 523(a)(6) requires a plaintiff to establish by a preponderance of the evidence the debtor deliberately and intentionally injured the creditor or creditor's property by a willful and malicious act. In re Howard, 261 B.R. 513. 520 (Bankr. M.D. Fla. 2001). The United States Supreme Court ruled in Kawaauhau v. Geiger that in order to establish the requisite willful and malicious intent of § 523(a)(6), a plaintiff must establish the injury was intentional—that the debtor intended the consequences of his or her act.    The Supreme Court explained, because "willful" modifies "injury" in § 523(a)(6). nondischargeability requires conduct that inflicts an injury intentionally and deliberately, "not merely . . . a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61-2, 118A S. Ct. 974, 140 L. Ed. 2d 90 (1998).

The Judgment Order does not set forth the elements of a claim of intentional infliction of emotional distress and specific findings that each element was met. It does not contain specific findings of willful and malicious acts committed by the Debtor in order to deliberately cause injury to the Plaintiff. The language of the Judgment Order is insufficient to establish the elements of § 523(a)(6).[9] The elements of § 523(a)(6) were not actually litigated in the State Court proceeding.

---

[9] *See* In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993) (finding a state court judgment to be nondischargeable where the judgment contained specific findings regarding fraudulent representations and established the elements of § 523(a)(2)(A) of the Bankruptcy Code. Collateral estoppel barred relitigation of the facts necessary for a determination of § 523(a)(2)(A) dischargeability).

The Debtor disputes the validity of the Judgment Order on the grounds of fraud and lack of jurisdiction. The Debtor denies he received the service of process sent by the State Corporation Commission. Section 8.01-329 of the Virginia Code allows for constructive service of process through the Commonwealth of Virginia. The statutory requirements for constructive service through Virginia's long-arm statute must be strictly construed. Khatchi v. Landmark Rest. Assoc., 375 S.E.2d 743, 745 (1989). ". . . [I]f a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void." Id. Whether the Plaintiff strictly complied with the requirements for constructive service and the Judgment Order is a valid order are issues for the Virginia courts to determine.

*Conclusion*

No basis exists for reconsideration of the Court's evidentiary ruling regarding Exhibit Nos. 1 through 4. The Plaintiff has not established each of the Virginia state law elements for application of the collateral estoppel doctrine to the Judgment Order. Collateral estoppel does not preclude relitigation of the issues decided by the State Court in the Judgment Order. The Plaintiff has not demonstrated the absence of a genuine issue of material fact and that she is entitled to a nondischargeability judgment as a matter of law pursuant to 11 U.S.C. § 523(a)(6). Summary judgment is not appropriate.

Accordingly, it is

9

**ORDERED, ADJUDGED and DECREED** that the Plaintiff's Motion for Summary Judgment is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that a status conference will be held in this adversary proceeding on June 12, 2006 at 2:30 p.m.

Dated this 10th day of May, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge