UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**

OCT 1 2 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:

CHRISTOPHER HELMUT KULIK,

      Debtor.

_____/

Case No. 6:05-bk-03034-ABB
Chapter 7

ROBIN LAWLER,

      Plaintiff,

vs.

CHRISTOPHER HELMUT KULIK,

      Defendant.

_____/

Adv. Pro. No. 6:05-ap-00173-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint for Determination of Nondischargeability of Debt and for Denial of Discharge (Doc. No. 1) ("Complaint") filed by Robin Lawler, the Plaintiff herein (the "Plaintiff"), against Christopher Helmut Kulik, the Defendant and Debtor herein (the "Debtor"). The Plaintiff seeks to have a state court judgment debt deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A)[1] and 727(a)(4)(A). A final evidentiary hearing was held on September 11, 2006. The Plaintiff, the Debtor, and their respective counsel appeared at the hearing. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

---

[1] The Complaint cites "727(a)(2)." It would appear the relevant provision is 11 U.S.C. § 727(a)(2)(A).

## FINDINGS OF FACT

The Plaintiff instituted several actions against the Debtor in the Circuit Court of Loudoun County, Virginia relating to their failed business relationship. The Plaintiff obtained a default judgment award of $1,250,000.00 (the "Judgment") against the Debtor pre-petition in the action captioned <u>Robin M. Lawler v. Christopher Helmut Kulik</u>, At Law No. CL00032740-00 (the "State Court Proceeding"). The Judgment contains a handwritten statement inserted by Judge James H. Chamblin stating the award of damages is "for intentional infliction of emotional distress."[2] The Plaintiff seeks in Count I of her Complaint to have the Judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6) on the basis the debt arises from the Debtor's willful and malicious injury of the Plaintiff. She seeks the denial of a discharge for the Debtor pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) in Counts II and III.

The Plaintiff previously sought summary judgment on the nondischargeability count and her motion was denied by the Memorandum Opinion and Order entered on May 10, 2006 (Doc. No. 40) (the "May 10th Order"). Summary judgment was denied because: (i) the Judgment does not contain any findings establishing nondischargeability of the debt; (ii) issues exist regarding whether the Debtor was properly served pursuant to Virginia state law and the Virginia state court had jurisdiction over the Debtor, which issues must be determined by the Virginia state court; and (iii) the collateral estoppel doctrine does not apply to give the Judgment preclusive effect. The Court made findings of fact and conclusions of law in the May 10th Order. These findings of fact and conclusions of law are fully adopted and incorporated herein.

---

[2] Doc. No. 50, Plaintiff's Exh. No. 3.

2

The parties, at the conclusion of the summary judgment hearing, were given an
opportunity to return to the Virginia state court to address service or process issues and
obtain clarification of the state court's findings.[3]   The Court offered to hold this
proceeding in abeyance while the parties returned to the state court.[4]  The parties declined
to return to state court.

The Plaintiff presented at trial the same evidence she relied upon for her summary
judgment motion.  She presented no new or additional evidence establishing the Debtor
was properly served in the State Court Proceeding or the Debtor injured the Plaintiff
through willful and malicious acts.  The Plaintiff focused solely on the Debtor's and his
wife's whereabouts during the State Court Proceeding and the Plaintiff's attempts to
serve him.  The Debtor was unclear, as he has been throughout this case, as to where he
was living at the time the Plaintiff instituted the State Court Proceeding.  He contends he
has been hesitant to reveal his and his wife's addresses due to fears the Plaintiff would
harass his family.

The Plaintiff has not established the Debtor committed willful and malicious acts.
The Plaintiff relies solely upon the language of the Judgment in support of her contention
the Judgment debt is nondischargeable.  The Judgment does not contain specific findings
of willful and malicious conduct by the Debtor against the Plaintiff.  It states the award to
the Plaintiff is "for intentional infliction of emotional distress," but includes no specific
basis for such determination or discussion of the elements of the offense of intentional
infliction of emotional distress.  The Judgment on its face does not set forth a basis for
nondischargeability of the debt.  The Plaintiff has not established the Judgment debt

---

[3] Plaintiff's Exh. No. 10 at pp. 52-54.
[4] Id. at p. 53.

3

arises from willful and malicious injury caused by the Debtor. The Judgment is due to be discharged.

The Plaintiff contends the Debtor is not entitled to a discharge because: (i) he gave false testimony at his § 341 meeting of creditors and before the Court; and (ii) failed to make full disclosure of assets and financial matters in his bankruptcy papers. The Debtor reviewed and signed his bankruptcy papers on March 27, 2005 (the "Petition Date") affirming all information was complete and truthful. He admits he failed to list an interest in a 2001 Ford Escape in Schedule B. The title to the vehicle, on the Petition Date, showed him as a joint owner of the vehicle. The Debtor believed he had transferred all right, title, and interest in the vehicle to his wife on August 9, 2004 and had no interest in the vehicle on the Petition Date.[5]

The Debtor sold a trailer for $500.00 in January 2005 and used the sale proceeds for living expenses. He admits he failed to disclose the sale in his original bankruptcy papers and at his § 341 meeting of creditors due to the mistaken belief the sale was not relevant.[6] The Debtor, after the vehicle and trailer disclosure issues were raised by Lawler, disclosed his joint ownership of the Ford Escape and BB&T's lien on the vehicle by filing Amended Schedules B and D.[7] He executed an Affidavit disclosing the trailer's identification number, the sale of the trailer, and the sale proceeds were used for living expenses.[8]

---

[5] Doc. No. 50, Plaintiff's Exh. No. 16.
[6] The Trustee asked the Debtor: "Have you transferred any property in the last year?" The Debtor answered: "No, sir." Plaintiff's Exh. 6 at pp. 17-18. Lawler attended the meeting of creditors and asked questions of the Debtor, but did not inquire as to the sale of the trailer or the transfer of the Ford Escape. The Debtor confirmed his wife drives a Ford Escape. Id. at pp. 22-23. However, the Debtor replied "No" to the Trustee's inquiry whether he transferred any assets in the last three years to his wife. Id. at p. 31.
[7] Main Case Doc. Nos. 14 and 15.
[8] Plaintiff's Exh. No. 16.

4

The Debtor admits he did not provide accurate information regarding his income in Schedule I and believed his counsel was responsible for listing the correct income figures. He did not disclose the various lawsuits instituted against him by the Plaintiff in his Statement of Financial Affairs because he believed they were no longer pending. The Debtor, upon being questioned by the Trustee, fully disclosed the various state court suits he has been involved in with Lawler.[9] The Debtor explained he has not amended his Statement of Financial Affairs because the Trustee did not ask him to amend.

The Debtor has presented, in testimony and in his bankruptcy papers, inconsistent and incomplete information regarding his addresses. The Debtor has been evasive regarding where he has lived, how long he lived at any address, and who was residing with him. The Debtor's shortcomings in his address disclosures are due to his desire to insulate his family from the acrimony between him and the Plaintiff.

It appears the Debtor's missteps regarding the disclosure of his interest in the vehicle, the trailer sale, the Virginia state court suits, his addresses, and monthly income result from the Debtor's lack of understanding of his duties, inattention, and insufficient guidance by counsel. His explanations why the omissions occurred are satisfactory. The Debtor has not, with the intent to hinder, delay, or defraud his creditors, transferred or concealed his property. He has not knowingly and fraudulently made a false oath or account. The Debtor has not virtuously fulfilled his disclosure duties in this case, but his errors are not sufficiently egregious to support a denial of discharge.

## CONCLUSIONS OF LAW

The Plaintiff challenges the dischargeability of the Judgment debt pursuant to 11 U.S.C. § 523(a)(6) based upon the Virginia state court's finding of intentional infliction

---

[9] Plaintiff's Exh. No. 6 at pp. 14-17.

of emotional distress committed by the Debtor. The Plaintiff contends the Judgment Order establishes the requisite fraud elements for nondischargeability pursuant to § 523(a)(6). Section 523(a)(6) provides a discharge pursuant to § 727 does not discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2005).

### 11 U.S.C. § 523(a)(6)

The exception of a debt from discharge pursuant to § 523(a)(6) requires a plaintiff to establish by a preponderance of the evidence the debtor deliberately and intentionally injured the creditor or creditor's property by a willful and malicious act. In re Howard, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001). The United States Supreme Court ruled in Kawaauhau v. Geiger that in order to establish the requisite willful and malicious intent of § 523(a)(6), a plaintiff must establish the injury was intentional—that the debtor intended the consequences of his or her act. The Supreme Court explained, because "willful" modifies "injury" in § 523(a)(6), nondischargeability requires conduct that inflicts an injury intentionally and deliberately, "not merely . . . a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61-2, 118A S. Ct. 974, 140 L. Ed. 2d 90 (1998).

The Judgment Order does not set forth the elements of a claim of intentional infliction of emotional distress and specific findings that each element was met. It does not contain specific findings of willful and malicious acts committed by the Debtor in order to deliberately cause injury to the Plaintiff. The language of the Judgment Order is insufficient to establish the elements of § 523(a)(6).[10] The Plaintiff has not established

---

[10] See In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993) (finding a state court judgment to be nondischargeable where the judgment contained specific findings regarding fraudulent representations and established the elements of §

6

the Judgment has preclusive effect for a § 523(a)(6) nondischargeability determination pursuant to the collateral estoppel doctrine as defined by Virginia state law. In re Rutledge, 105 F. App'x 455, 457 (4th Cir. 2004); Transdulles Center, Inc. v. Sharma, 472 S.E.2d 274, 275 (Va. 1996). The Plaintiff is not entitled to a nondischargeability judgment pursuant to 11 U.S.C. § 523(a)(6).

### 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A)

The Plaintiff alleges the Debtor should be denied a discharge pursuant to §§ 727(a)(2)(A) and 727(a)(4)(A) of the Bankruptcy Code. A discharge shall be denied pursuant to § 727(a)(2)(A) where a debtor, with intent to hinder, delay, or defraud a creditor has, within one year of the petition date, transferred, removed, destroyed, mutilated, or concealed property of the debtor. 11 U.S.C. § 727(a)(2)(A) (2005). A discharge shall be denied pursuant to § 727(a)(4)(A) where the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. 11 U.S.C. § 727(a)(4)(A).

The party objecting to discharge carries the burden of "proving the objection." Fed. R. Bankr. Pro. 4005. "But once that party meets the initial burden by producing evidence establishing the basis for his objection, the burden shifts to the debtor to explain satisfactorily the loss [of his assets] . . . To be satisfactory, an explanation must convince the judge." In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984) (citations omitted). A discharge should be denied where the omission from the schedules or statement of financial affairs is both fraudulent and material. Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991).

---

523(a)(2)(A) of the Bankruptcy Code. Collateral estoppel barred relitigation of the facts necessary for a determination of § 523(a)(2)(A) dischargeability).

The Debtor failed to fully disclose his assets (the 2001 Ford Escape), income, and certain financial matters (the sale of the trailer and the pending Virginia actions). He was not forthright regarding his addresses. His disclosure deficiencies were not fraudulent. The Debtor fully discussed and disclosed the state court litigation at his § 341 meeting of creditors. He voluntarily amended his Schedules B and D to disclose his joint ownership of the Ford Escape and he executed an Affidavit disclosing the sale of the trailer. He did not transfer or conceal property with the intent to hinder, delay, or defraud his creditors. No party in interest other than the Plaintiff has challenged the Debtor's discharge. The Plaintiff has not established a basis for denial of a discharge pursuant to either 11 U.S.C. § 727(a)(2)(A) or § 727(a)(4)(A).

A separate judgment in favor of the Debtor and against the Plaintiff consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 12th day of October, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge